UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER ATIQ and HUMZA ATIQ, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 24 C 10344 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| WSH PACKAGING SYSTEMS, LTD., | ) | |
| an Illinois Corporation, d/b/a | ) | |
| GLOBAL INTERMODAL TRANSPORT | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

After WSH Packaging Systems, LTD., doing business as Global Intermodal Transport

("Global"), terminated Plaintiffs Jennifer and Humza Atiq's (together, the "Atiqs") employment,

the Atiqs filed the instant suit. In response, Global asserted counterclaims and three affirmative

defenses: at-will employment, failure to mitigate damages, and estoppel. Now, the Atiqs have

moved to strike Global's at-will employment and estoppel affirmative defenses under Federal

Rule of Civil Procedure 12(f). Because Global has not adequately pleaded either their at-will

employment or estoppel affirmative defenses, the Court grants the Atiqs' motion to strike [20].

## BACKGROUND[1]

Global hired Jennifer Atiq in November 2018 and Humza Atiq in April 2021. Global

initially hired the Atiqs as at-will employees, without employment contracts. However, in early

2022, the Atiqs decided that they wanted to enter into formal employment contracts with Global,

---

[1] The Court takes the facts included in this background section from the Atiqs' amended complaint and Global's affirmative defenses. *See Sloan Value Co. v. Zurn Indus., Inc.*, 712 F. Supp. 2d 743, 749 (N.D. Ill. 2010) (explaining that for motions to strike affirmative defenses, "the basic concept of an affirmative defense is an admission of the facts alleged in the complaint, coupled with the assertion of some other reason defendant is not liable").

with a fixed term of employment, and discussed their interest in executing employment contracts with Global's President. On March 20, 2022, the Atiqs each signed employment contracts titled "10 year employment contract." Doc. 16-1 at 1–2; Doc. 16-3 at 1–2. The Atiqs specifically plead in their amended complaint that, under the employment contracts, Global agreed to employ the Atiqs for a 10-year term. Doc. 16 at 3, 5. Additionally, the employment contracts contain termination clauses that state: "It is the intention of both parties to form a long and mutually profitable relationship. However, this relationship may be terminated by employee at any time provided 2 weeks written notice is delivered to the other party." Doc. 16-1 at 2; Doc. 16-4 at 2.

On January 19, 2024, Global terminated the Atiqs' employment. In termination letters, Global stated to the Atiqs that it was terminating their employment due to "financial difficulties" and because it was "restructuring its operations." Doc. 16 at 4–7; Doc. 16-3 at 1l; Doc. 16-6 at 1. At the time Global terminated their employment, the Atiqs had accrued but not used some vacation time.

The Atiqs allege that Global breached their employment contracts because the termination clause did not give Global the right to terminate the Atiqs' employment due to financial difficulties or to restructure operations. The Atiqs claim that Global's breach has caused them significant financial damages. The Atiqs also allege that Global violated the Illinois Wage Payment and Collection Act ("IWPCA"), because the Atiqs had earned and unused vacation time accrued at the time Global terminated their employment, and Global failed to pay them their wages for their final pay period of employment as well as the monetary equivalent of their earned, unused vacation time. Finally, the Atiqs claimed that Global violated the Fair Labor Standards Act ("FLSA"), alleging that Global failed to pay them any wages for the work that they completed during their last pay period of employment with Global.

In their answer to the Atiqs' amended complaint, Global raised three counterclaims as well as three affirmative defenses: at-will employment, failure to mitigate damages, and estoppel. For the at-will employment affirmative defense, Global asserted that "[n]either agreement attached to [the Atiqs'] complaint contains a term of employment" and that if those agreements were enforceable against Global, Global was free to fire the Atiqs at any time for any reason. *See* Doc. 17 at 19. For the estoppel affirmative defense, Global asserted that "the purported employment contracts attached to Plaintiff's First Amended Complaint do not provide for any vacation." *Id.* at 20.

## LEGAL STANDARD

Rule 12(f) allows the Court to strike an affirmative defense when it is insufficient on the face of the pleadings. Fed. R. Civ. P. 12(f); *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). A party moving to strike under Rule 12(f) "has the burden of showing that the 'challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial.'" *E & J Gallo Winery v. Morand Bros. Bev. Co.*, 247 F. Supp. 2d 979, 982 (N.D. Ill. 2003) (quoting *Carroll v. Chi. Transit Auth.*, No. 01 C 8300, 2002 WL 20664, at *1 (N.D. Ill. Feb. 8, 2002)). "Prejudice results where the challenged allegation has the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party." *Talman Consultants, LLC v. Urevig*, No. 22 C 6540, 2023 WL 6929633, at *2 (N.D. Ill. Oct. 19, 2023) (quoting *Cumis Ins. Soc'y, Inc. v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. 1997)).

## ANALYSIS

An affirmative defense is one that admits the allegations in the complaint but avoids liability, in whole or in part, by bringing new allegations of excuse, justification, or other

negating matters. *Reimer v. Chase Bank USA, N.A.*, 274 F.R.D. 637, 639 (N.D. Ill. 2011). To survive a motion to strike an affirmative defense, Global's affirmative defenses must withstand a three-part test. *Hughes v. Napleton's Holdings, LLC*, No. 15 C 50137, 2016 WL 6624224, at *2 (N.D. Ill. Nov. 9, 2016). First, the matter must be properly pleaded as an affirmative defense. *Id.* Proper pleading of an affirmative defense requires "an admission of the facts alleged in the complaint, coupled with the assertion of some other reason defendant is not liable." *ADM Inv. Servs., Inc. v. Collins*, No. 05 C 1823, 2006 WL 224095, at *2 (N.D. Ill. Jan 26, 2006) (quoting *Instituto Nacional de Comercialization Agricola v. Cont'l Ill. Nat'l Bank & Tr. Co.*, 576 F. Supp. 985, 988 (N.D. Ill. 1983)). Second, the defendant must properly plead the matter under the requirements of Federal Rules of Civil Procedure 8 and 9. *Hughes*, 2016 WL 6624224, at *2. Third, the affirmative defense must set out facts that would withstand a Federal Rule of Civil Procedure 12(b)(6) challenge. [2] *Id.* Here, both of Global's affirmative defenses fail on the first step and the Court finds it appropriate to strike them as affirmative defenses.

## I.     At-Will Employment Affirmative Defense

The Atiqs argue that the Court should strike Global's at-will employment affirmative defense because Global's argument that the employment contracts allowed Global to terminate the Atiqs for any reason disputes the facts the Atiqs alleged in the complaint. Global responds that it appropriately pleaded the affirmative defense because the contract is not clear on the issue of at-will employment and inclusion of this defense does not prejudice the Atiqs at this stage in

---

[2] "The Seventh Circuit has not yet decided whether affirmative defenses must comply with the pleading requirements set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)." *City of Chicago v. DoorDash, Inc.*, 636 F. Supp. 3d 916, 919–20 (N.D. Ill. 2022). Further, district courts in this circuit have reached different conclusions on the issue. *See id.* at 920 (collecting cases). Because this issue does not affect the analysis here, the Court need not decide at this time which specific pleading standard to apply. *See, e.g., Stoicescu v. Hamilton Sunstrand Corp.*, No. 24 C 50018, 2025 WL 919519, at *6 n.1 (N.D. Ill. Mar. 26, 2025) (explaining that the court did not need to determine whether *Twombly/Iqbal* applied to a motion to strike affirmative defenses when the issue did not affect the outcome of the motion to strike).

the litigation.  In reply, the Atiqs state again that Global has not properly asserted its affirmative defense, and, regarding prejudice, that Global's improperly asserted at-will employment affirmative defense adds clutter to the case because interpreting the contract is already at issue and reframing that issue as an affirmative defense is unnecessary.

The Court agrees with the Atiqs that Global did not properly plead its at-will employment affirmative defense.  Global's at-will employment affirmative defense claims that the parties' contracts did not bind them to a term of employment and that Global could terminate the Atiqs' employment "at any time for any reason" without breaching the contracts.  Doc. 17 at 19.  In essence, Global argues that its employment contracts with the Atiqs did not contain the terms the Atiqs claim they contain, so the Atiqs cannot show the breach element of their breach of contract claim.  This is not a properly pleaded affirmative defense as it does not admit the factual allegations in the complaint but instead attempts to negate an element of the Atiqs' *prima facie* case.  *See Reimer*, 274 F.R.D. at 639 ("An attack on a plaintiff's *prima facie* claim is a 'negative defense,' rather than an affirmative defense, which must plead 'matter that is not within the claimant's prima facie case.'" (citation omitted)); *see also CIC Plus, Inc. v. Dexheimer*, No. 22 C 1523, 2022 WL 17071146, at *3 (N.D. Ill. Nov. 17, 2022) (affirmative defenses stricken where the defendant simply repackaged his denials of the plaintiff's claims and the matters he had already put at issue in his answer as affirmative defenses).  Because Global's at-will employment affirmative defense is not adequately pleaded, the Court does not address the second and third elements of the test.  *See, e.g.*, *Hughes*, 2016 WL 6624224, at *3–4 (striking an affirmative defense because it denied plaintiff's allegations, without conducting additional analysis).

The Court also finds that the Atiqs have adequately alleged that this improperly pleaded affirmative defense would prejudice them, because the Atiqs argue it would add clutter to the

case, which supports that it may add burden or confuse the issues moving forward. *See Talman Consultants, LLC*, 2023 WL 6929633, at *2; *Davis v. Elite Mortg. Servs., Inc.*, 592 F. Supp. 2d 1052, 1058 (N.D. Ill. 2009) ("It is appropriate for the court to strike affirmative defenses that add unnecessary clutter to a case"); *see also Heller Fin., Inc.*, 883 F.2d at 1294 (motions to strike may be granted to remove unnecessary clutter from a case, as this serves to "expedite, not delay" the litigation). Because Global has not adequately pleaded its at-will affirmative defense, the Court strikes it without prejudice.

## II.    Estoppel Affirmative Defense

Global's estoppel affirmative defense is similarly insufficient. Global argues that the employment contracts between Global and the Atiqs "do not provide for any vacation." Doc. 17 at 20. Further, Global states that "[t]his is not an 'equitable estoppel' affirmative defense nor is it labeled in that fashion." Doc. 25 at 4. Global's assertion that its contracts with the Atiqs do not provide for vacation does not take the facts alleged in the Atiqs' amended complaint as true, because it directly refutes their assertion that they possessed vacation time. Global instead attempts to undermine the Atiqs' *prima facie* claims that Global failed to pay them for their accrued, unused vacation time. In this way, Global again improperly attempts to repackage its denials of the Atiqs' allegations as affirmative defenses. *See CIC Plus, Inc.*, 2022 WL 17071146, at *4. The Court notes that the contracts between the parties contain "paid time off" provisions and recognizes that Global may take issue with the Atiqs describing their paid time off as vacation. However, in its answer, Global already denies the Atiqs' allegations that they possessed earned, unused vacation time and raising the same issue as an affirmative defense does not appear to serve any legally operative or material purpose.

Further, the legal basis for Global's estoppel affirmative defense is unclear. Global states that this is not an equitable estoppel defense, however, the Court notes that estoppel is an equitable doctrine. *See, e.g.*, *Bartashnik v. Birdgeview Bancorp, Inc.*, No. 05 C 2731, 2005 WL 3470315, at *4 (N.D. Ill. Dec. 15, 2005) ("Waiver, estoppel, and lashes 'are equitable defenses that must be pled with the specific elements required to establish the defense.'" (quoting *Yash Raj Films (USA) Inc. v. Atl. Video*, No. 03 C 7068, 2004 WL 1200185, at *3 (N.D. Ill. May 28, 2004))); *Goodwine State Bank v. Mullins*, 253 Ill. App. 3d 980, 1012 (1993) ("Estoppel is an equitable doctrine preventing a party from taking advantage of his own wrongdoing"). Further, the Court has not identified a theory of estoppel that would fit the allegations in Global's estoppel affirmative defense, and Global similarly has not done so. With its conclusory allegations and lack of specificity regarding the applicable legal theory, Global does not put the Atiqs on notice of the claim and the "grounds upon which it rests." *Reimer*, 274 F.R.D. at 640 (estoppel defense failed because it did not "give the plaintiffs fair notice of what the claim is and the grounds upon which it rests").

Finally, as with the at-will defense, the Court further concludes that Global's improperly pleaded estoppel affirmative defense would prejudice the Atiqs by cluttering the case and confusing issues moving forward. *See Talman Consultants, LLC*, 2023 WL 6929633, at *2. Because Global has not properly pleaded its estoppel affirmative defense, the Court strikes that affirmative defense without prejudice.

**CONCLUSION**

Because Global has not adequately pleaded either its at-will employment affirmative defense or estoppel affirmative defense, the Court grants the Atiqs' motion to strike [20] and dismisses Global's at-will employment and estoppel affirmative defenses without prejudice.

Dated: August 14, 2025

_____
SARA L. ELLIS
United States District Judge